UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

PETER CANAVAN NEWBERRY,          )
                                 )
      Plaintiff,                 )
                                 )
                                 )   Civil Case No. 17-cv-131-
v.                               )            JMH
                                 )
SERVICE EXPERTS HEATING & AIR    )
CONDITIONING, LLC d/b/a          )
KNOCHELMANN PLUMBING, HEATING    )   **MEMORANDUM OPINION & ORDER**
& AIR CONDITIONING d/b/a         )
KNOCKLEMANN SERVICE EXPERTS,     )
et al.,                          )
                                 )
      Defendants.                )

                        ***

      In his Response [DE 25] to this Court's June 6, 2018, Order

[DE 24] requiring him to show cause why his claims against

Freije Treatment Systems, Inc., should not be dismissed for

failure to prosecute, Plaintiff concedes that he has not served

this Defendant.  He argues, however, that this matter should not

be dismissed but should be transferred to the Eastern District

of Kentucky at Covington instead.  Notably, he argues for the

first time that transfer is appropriate and that all previous

orders in this case are null and void because this Court somehow

lacks subject matter and personal jurisdiction over this matter

in light of his participation as counsel for the plaintiff in

the voluntary dismissal of a prior case, *Rorick v. Service

Experts Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB-CJS,

with the statement that "subsequent law suits must be re-filed in the United States District Court for the Eastern District of Kentucky, Covington Division" and that the parties agreed "not to contest jurisdiction or venue in this Court."  The Court is not persuaded that relief is available to Plaintiff as the result of any agreement in a case to which he was not a party.

Further, Plaintiff 28 U.S.C. § 1404(a), upon which Plaintiff relies for his argument that the undersigned is "obligated" to transfer this matter to the Covington Division [DE 26 at 4, Page ID#: 474] affords him no relief.  Section 1404(a) provides that a district court "may" transfer a civil action "to any other district or division in which it might have been brought or to any district or division to which all parties have consented" when it is "for the convenience of the parties and witnesses" and "in the interest of justice."  Section 1404(a) does not speak to jurisdiction in this matter, and, in any event, the language is permissive and not mandatory.

Finally, the assignment of the present matter to a particular jury division within the Eastern District of Kentucky does not implicate jurisdictional issues. While the Eastern District of Kentucky is a creation of statute, 28 U.S.C. § 97(a), jury divisions and assignment of actions to jury divisions in the Eastern District of Kentucky are governed by local rules adopted by the judges of the district.  *See* LR 3.1

and 3.2. The "Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky provide standardized procedures for the convenience of the bench and bar" and must be "construed to be consistent with the Federal Rules of Civil Procedure and to secure the just, efficient and economical determination of civil actions." LR 1.1. This case was properly assigned by the Clerk to the Central Division at Lexington by operation of the relevant Local Rule at filing. *See* LR 3.1(a)(2)(B) and 3.2(a)(2)(A); *see also* Complaint [DE 1]; *cf. United States v. Lewis*, 504 F.2d 92, 97 (6th Cir. 1974) (holding that Fed. R. Crim. P. 18 was not violated when transferring criminal case from one place within district to another where assignment of cases is within the exclusive domain of local district judges).

While jury division assignments may be changed by rule or by Court order, LR 3.1(c), the Court sees no reason to reassign this matter to another division. To request such relief is a patently transparent effort at judge shopping in its rankest form on the part of Plaintiff. Plaintiff may wish to replace the devil he did not know until this Court's rulings (the undersigned) with the devil that he does know (Judge Bertlesman) or, for that matter, any devil he has not yet met (Judge Bunning or any other judge of this district), but that would do nothing to secure the "just, efficient and economical determination of

civil actions" as required by Joint Local Rule 1.1. Further, the Court rejects Plaintiff's argument that this Court lacks jurisdiction or that its prior orders are somehow invalid because the parties agreed that this matter should proceed in the Covington Division at some point in the past. Indeed, the case was in this instance properly assigned to the Central Division at Lexington because the operative facts all occurred in Harrison County which is included in that Division.

In the absence of any other argument, Plaintiff has failed to show cause why his Complaint against Defendant Freije Treatment Systems, Inc., should not be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 4(m).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Transfer is **DENIED** and that his claims against Defendant Freije Treatment Systems, Inc., are dismissed without prejudice.

This the 28th day of August, 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge